UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PETER LOZADA,

                                 Plaintiff            DECISION AND ORDER

-vs-

                                                   1:19-CV-0640 CJS

COMMISSIONER OF SOCIAL
SECURITY,

                                 Defendant.

_____

INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("Commissioner" or "Defendant") which denied the application of Peter Lozada for Social Security Disability Insurance ("SSDI") benefits and Supplemental Security Income ("SSI") benefits.  Now before the Court is Plaintiff's motion (ECF No. 9) for judgment on the pleadings and Defendant's cross-motion (ECF No. 13) for the same relief.  For the reasons discussed below, Plaintiff's application is granted, Defendant's application is denied, and the matter is remanded to the Commissioner for further administrative proceedings.

STANDARDS OF LAW

The Commissioner decides applications for SSDI and SSI benefits using a five-step sequential evaluation:

> A five-step sequential analysis is used to evaluate disability claims. *See* 20 C.F.R. §§ 404.1520, 416.920.  First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the Commissioner next considers whether the claimant has a severe impairment which significantly limits his physical or mental ability to

1

do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in the regulations [or medically equals a listed impairment].   Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity [("RFC")] to perform his past work.[1]  Finally, if the claimant is unable to perform his past work, the Commissioner then determines whether there is other work which the claimant could perform.   The claimant bears the burden of proof as to the first four steps, while the Commissioner bears the burden at step five.

*Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) (citations and internal quotation marks omitted)

An unsuccessful claimant may bring an action in federal district court to challenge the Commissioner's denial of the disability claim.   In such an action, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C.A. § 405(g) (West).   In relevant part, Section 405(g) states that "[t]he findings of the Commissioner of Social security as to any fact, if supported by substantial evidence, shall be conclusive."

The issue to be determined by the court is whether the Commissioner's conclusions "are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir.

---

[1] Residual functional capacity "is what the claimant can still do despite the limitations imposed by his impairment." *Bushey v. Berryhill*, 739 F. App'x 668, 670–71 (2d Cir. 2018) (citations omitted); *see also*, 1996 WL 374184, Titles II & Xvi: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8P (S.S.A. July 2, 1996).

1998); *see also, Barnaby v. Berryhill*, 773 F. App'x 642, 643 (2d Cir. 2019) ("[We] will uphold the decision if it is supported by substantial evidence and the correct legal standards were applied.") (citing *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) and *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012).").

"First, the [c]ourt reviews the Commissioner's decision to determine whether the Commissioner applied the correct legal standard." *Tejada v. Apfel*, 167 F.3d 770, 773 (2d Cir. 1999); *see also, Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004) ("[W]here an error of law has been made that might have affected the disposition of the case, this court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ. Failure to apply the correct legal standards is grounds for reversal.") (citation omitted).

If the Commissioner applied the correct legal standards, the court next "examines the record to determine if the Commissioner's conclusions are supported by substantial evidence." *Tejada v. Apfel*, 167 F.3d at 773. Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted).

> The substantial evidence standard is a very deferential standard of review—even more so than the 'clearly erroneous' standard, and the Commissioner's findings of fact must be upheld unless a reasonable factfinder would have to conclude otherwise." *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (emphasis in original). "An ALJ is not required to discuss every piece of evidence submitted, and the failure to cite specific evidence does not indicate that such evidence was not considered. *Id.*

*Banyai v. Berryhill*, 767 F. App'x 176, 177 (2d Cir. 2019), as amended (Apr. 30, 2019)

(internal quotation marks omitted).

In applying this standard, a court is not permitted to re-weigh the evidence. *See, Krull v. Colvin*, 669 F. App'x 31, 32 (2d Cir. 2016) ("Krull's disagreement is with the ALJ's weighing of the evidence, but the deferential standard of review prevents us from reweighing it."); *see also, Riordan v. Barnhart*, No. 06 CIV 4773 AKH, 2007 WL 1406649, at *4 (S.D.N.Y. May 8, 2007) ("The court does not engage in a *de novo* determination of whether or not the claimant is disabled, but instead determines whether correct legal standards were applied and whether substantial evidence supports the decision of the Commissioner.") (citations omitted).

## FACTUAL and PROCEDURAL BACKGROUND

The reader is presumed to be familiar with the facts and procedural history of this action.   The Court will refer to the record only as necessary for purposes of this Decision and Order.

On March 11, 2015, Plaintiff filed an application for benefits, claiming that he became disabled on October 1, 2013, due to physical impairments.

On August 29, 2017, the ALJ issued a decision finding that Plaintiff was not disabled at any time between the alleged disability onset date and the date of the decision.[2]   Applying the familiar five-step sequential evaluation set forth earlier, the ALJ found that: Plaintiff had not engaged in substantial gainful activity since the alleged onset date (though he was working part-time, as needed to pay child support); Plaintiff

---

[2] The ALJ, the Hon. John Benson, issued his decision following a hearing on June 16, 2017, at which Plaintiff appeared with an attorney, and at which both Plaintiff and a vocational expert ("VE") testified.

had severe impairments consisting of valgus deformity of the left knee, right foot drop and degenerative disc disease; Plaintiff had other impairments that were not severe, including opioid dependency in remission, diabetes and dizziness; none of the impairments, either singly or in combination, met or medically equaled the severity of a listed impairment; Plaintiff had the RFC to perform less than the full range of light work, involving only simple tasks (due to pain) and various postural limitations; Plaintiff was not able to perform his past relevant work; but considering Plaintiff's age, education, work experience and RFC, there were other jobs that he could perform.

Plaintiff sought review of the ALJ's decision from the Appeals Council.  The Appeals Council granted Plaintiff's request for review, finding that the ALJ had committed an error of law.  In that regard, the Appeals Council found that Plaintiff's attorney had, after the hearing, made a late submission of medical records to the ALJ, without proper pre-hearing notice.[3]  The Appeals Council found that the ALJ had erred in failing to include an explanation in his decision for why he had rejected consideration of the late-filed records.  Nevertheless, the Appeals Council otherwise affirmed the ALJ's determination.

In doing so, the Appeals Council indicated that it had reviewed the late-filed medical records, consisting of 43 pages of records from Jamestown Area Medical Associates covering the period May 21, 2015 to November 4, 2016.[4]  These records,

---

[3] The Appeals Council indicated that, "[p]uruant to 20 CFR 404.935(a) and 416.1435(a),if the claimant wishes for written evidence to be considered at the hearing, then the claimant must submit or inform the [ALJ] about the evidence no later than five business days before the scheduled hearing." Administrative Transcript at p. 154.
[4] Administrative Transcript, Exhibit 7F.

filed as Exhibit 7F in the Administrative Transcript, relate to treatment that Plaintiff received for severe internal bleeding from a duodenal ulcer that was apparently caused by his overuse of ibuprofen.[5]   However, the Appeals Council found that the records did not contain "any significant findings that would warrant deviating from the [ALJ's] disability finding."   The Appeals Council's determination therefore became the Commissioner's final decision. *See, Sims v. Apfel*, 530 U.S. 103, 106–07, 120 S. Ct. 2080, 2083, 147 L. Ed. 2d 80 (2000) ("SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision.").

In this action, Plaintiff contends that the Commissioner's determination must be reversed because it contains legal error and is not supported by substantial evidence. More particularly, Plaintiff alleges that: 1) the determination at step two of the sequential evaluation was erroneous because it failed to include all of his impairments; 2) the RFC determination was erroneous because it did not reflect all of his impairments; and 3) the Commissioner's reliance on the medical opinion of the lone consultative examiner was erroneous because the opinion was "stale."

Plaintiff's arguments all relate to impairments of the shoulders and neck that he maintains affect his ability to reach.[6]   Plaintiff emphasizes that the ability to reach is important in this action since the vocational expert ("VE") testified that a person would

---

[5] See, e.g., Administrative Transcript at p. 542 (Summarizing course of treatment)..
[6] See, Pl. Memo of Law, ECF No. 9-1 at p. 15 ("The [Commissioner's] lack of any discussion regarding Plaintiff's shoulder issues has frustrated meaningful review, warranting remand.").

6

need to be able to reach "frequently"[7] in order to perform the jobs that the ALJ/Appeals Council identified at step five of the sequential evaluation.[8]

Plaintiff alleges that his neck and left shoulder limitations are caused by prior surgery and by degenerative spinal problems, and, in particular, "lumbar facet syndrome, lumbar arthropathy and cervical degenerative disc disease."[9]  With regard to the right shoulder, Plaintiff contends that he has limitations resulting from an injury to the shoulder that occurred while he was pushing a pallet jack.[10]

Plaintiff maintains that the Commissioner failed to consider those impairment at step two of the sequential evaluation, and that such error was not harmless since the ALJ further failed to account for the impairments in the RFC.   Although the ALJ included "degenerative disc disease" as a severe impairment at step two of the sequential evaluation, Plaintiff contends that

> the ALJ made no discussion regarding the degree of impairment or severity of Plaintiff's cervical spine and shoulder limitations.   Plaintiff's records demonstrate a long history of subjective and clinical support for his left shoulder limitations.   The ALJ failed to discuss or include any limitations stemming from Plaintiff's cervical or left shoulder impairments.

Pl. Memo of Law, ECF No. 9-1 at p. 17.   Plaintiff similarly argues that Commissioner failed to consider his right shoulder injury, and that since such injury occurred after the

---

[7] The Commissioner has indicated that the term "frequently" means "from one-third to two-thirds of the time." Titles II & Xvi: Capability to Do Other Work-Them edical-Vocational Rules As A Framework for Evaluating A Combination of Exertional & Nonexertional Impairments, SSR 83-14 (S.S.A. 1983).
[8] Administrative Transcript at p. 61.
[9] Pl. Memo of Law, ECF No. 9-1 at p. 16; see also, id. at p. 17 ("Plaintiff's neck and shoulder pain was in relation to severe impairments of his lumbar facet syndrome, arthropathy and prior surgical hardware.").
[10] A pallet jack is essentially a hand operated forklift that lifts pallets of material using a hydraulic jack mechanism.

7

consultative examination, the consultative examiner's report became "stale" and should not have been relied on by the Commissioner.[11]

The Commissioner responds that his final decision is free of legal error and supported by substantial evidence.

## DISCUSSION

Plaintiff maintains that the Commissioner erred at the second step of the sequential evaluation, by failing to consider his neck and shoulder impairments. Specifically, Plaintiff lists the overlooked conditions as "longstanding left shoulder impairment" caused by spinal deterioration; "decreased cervical spine range of motion and pain"; and right shoulder injury.[12] Plaintiff argues that the Commissioner failed to "discuss or evaluate" these conditions and therefore failed to indicate whether they were severe or non-severe.[13] Plaintiff further contends that the Commissioner overlooked those conditions when making the RFC determination.

At step two of the sequential evaluation, the Commissioner "consider[s] the medical severity of [the claimant's] impairment(s)." 20 C.F.R. § 404.1520(a)(4)(2). If the Commissioner fails to consider an impairment at step two, the error may be harmless if the Commissioner continues through the remaining steps and considers the impairment that was omitted at step two. *See, Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) ("[Plaintiff] claims that the ALJ's step two analysis was deficient

---

[11] See, Pl. Memo of Law, ECF No. 9-1 at p. 20 (Indicating that the consultative report became stale not because of the mere passage of time, but because Plaintiff developed additional problems with his right shoulder.).
[12] See, e.g., Pl. Reply Memo, ECF No. 14 at p. 2.
[13] Pl. Reply Memo, ECF No. 14 at p. 2.

8

because the ALJ excluded her anxiety disorder and panic disorder from his review. . . . [A]ny error would be harmless. At step two, the ALJ identified other "severe impairments[,]" and therefore proceeded with the subsequent steps.  And, in those subsequent steps, the ALJ specifically considered her anxiety and panic attacks. Because these conditions were considered during the subsequent steps, any error was harmless.") (citation and internal quotation marks omitted).

However, remand is appropriate if the Commissioner fails to consider the omitted impairments at the subsequent steps of the sequential evaluation. *See, Pickering v. Comm'r of Soc. Sec.*, No. 817CV700GTSWBC, 2018 WL 3520844, at *4 (N.D.N.Y. June 12, 2018) ("Remand is recommended because the ALJ failed to consider Plaintiff's thoracic outlet syndrome at step two. The ALJ's error cannot be deemed harmless because substantial evidence in the record contained evidence of work related functional limitations due to this impairment which the ALJ failed to consider in formulating Plaintiff's RFC."), report and recommendation adopted sub nom. Katy P. v. Comm'r of Soc. Sec., No. 817CV0700GTSWBC, 2018 WL 3520427 (N.D.N.Y. July 20, 2018).

Here, the Commissioner maintains that Plaintiff's arguments lack merit. However, the Commissioner's submission is not entirely responsive to Plaintiff's arguments.  Concerning Plaintiff's neck and left shoulder impairments, the Commissioner acknowledges that those problems are documented in the medical record, but argues that the ALJ/Appeals Council properly found that that those conditions were not severe.  The Commissioner then cites evidence from the record

9

from which one could conclude that the impairments were not severe.   Citing that same evidence, the Commissioner then argues that it was proper not to include any limitations in the RFC finding for those conditions.   Similarly, with regard to Plaintiff's right shoulder injury, the Commissioner argues both that the ALJ/Appeals Council properly considered the impairment, at step two and when making the RFC determination, and that the consultative examiner's opinion was not stale since Plaintiff's right shoulder condition did not change significantly after the consultative examination.

However, Plaintiff's argument is not that the ALJ/Appeals Council improperly found that these impairments were "not severe"; rather, as already mentioned, Plaintiff contends that there is no indication that the ALJ/Appeals Council considered, either at step two of the sequential evaluation or at the subsequent steps, the impairments or how they might affect his ability to reach.   The Commissioner's submission does not really attempt to refute that argument; rather, it essentially attempts to demonstrate that *assuming* the ALJ/Appeals Council considered the impairments at step two and subsequent steps, there is substantial evidence to support the RFC determination overall.   As mentioned earlier, though, the Court does not reach the substantial evidence question if the Commissioner committed non-harmless error.

The Court concludes that the Commissioner committed such an error, and that remand is therefore required.   In that regard, the ALJ/Appeals council expressly discussed impairments related to Plaintiff's lumbar spine, left knee and right ankle. However, there is no discussion of whether Plaintiff's cervical spine impairment or shoulder impairments were severe or non-severe, and no discussion of whether those

10

conditions might affect his ability to reach or perform other work-related functions.[14] The Commissioner's brief implicitly acknowledges that those conditions should have been considered and suggests that they were considered.   However, the Court sees no evidence of that.   Consequently, the matter must be remanded for further administrative proceedings.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion for judgment on the pleadings (ECF No. 9) is granted, Defendant's cross-motion (ECF No. 13) for the same relief is denied, and this matter is remanded to the Commissioner for further proceedings consistent with this decision under 42 U.S.C. 405(g), sentence four.   The Clerk of the Court is directed to enter judgment for Plaintiff and close this action.

So Ordered.

Dated: Rochester, New York
       September 4, 2020

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

---

[14] The ALJ's decision contains a single reference to Plaintiff's cervical spine, noting that an x-ray of the cervical spine showed mild facet joint arthropathy and old compression fractures.